UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, a foreign insurance company;<br><br>Plaintiffs,<br><br>v.<br><br>ROADMAX, INC., a Washington corporation; GREGORY GRIGORYAN, an individual, AMAS TRUCKING LLC, a Washington limited liability company, and ABDISALAN SHARIF, an individual;<br><br>Defendants. | No. 3:24-cv-5279<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff United Financial Casualty Company (UFCC) submits the following Complaint for Declaratory Relief.

**I.    INTRODUCTION**

1.1    This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §2201. UFCC seeks a determination that it does not owe a duty to defend or indemnify Roadmax, Inc. (Roadmax), Gregory Grigoryan, Amas Trucking LLC (Amas), and/or Abdisalan Sharif under the policy of insurance issued by UFCC.

## II. PARTIES

2.1 Plaintiff UFCC is a foreign insurer organized under the laws of the state of Ohio with its principal place of business in Mayfield Village, Ohio.

2.2 Upon information and belief, Defendant Roadmax is a Washington corporation incorporated under the laws of the State of Washington with its principal place of business in Tumwater, Washington.

2.3 Upon information and belief, Defendant Gregory Grigoryan is a resident of Thurston County, Washington and the owner of Roadmax.

2.4 Upon information and belief, Defendant Amas is a Washington limited liability company, and all members of Defendant Amas are residents and citizens of the State of Washington.

2.5 Upon information and belief, Defendant Abdisalan Sharif is a resident of King County, Washington. On information and belief, Sharif was a driver for Amas.

## III. JURISDICTION AND VENUE

3.1 Jurisdiction is properly before this Court pursuant to 28 U.S.C. § 1332 et sequent, as complete diversity exists among the parties and the amount in controversy exceeds $75,000.

3.2 This Court has jurisdiction over this Declaratory Judgment action pursuant to 28A U.S.C. § 2201 because there is an actual and justiciable controversy between the parties with respect to the existence of insurance coverage under the Policy of insurance issued by UFCC. A judicial determination and declaration of the rights and obligations of the parties is necessary and appropriate at this time because UFCC has no adequate remedy allowed to resolve the current controversy.

3.3 Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as this action involves

a dispute over the application of insurance coverage under policies written out of Washington, events and omissions which give rise to this claim occurred in this district, and because all of the Defendants are subject to this Court for personal jurisdiction.

## IV.     FACTUAL BACKGROUND

4.1     Upon information and belief, Defendant Gregory Grigoryan is the principal owner of Roadmax, Inc.

4.2     Defendant Roadmax contracted with H&M Bay, Inc. (H&M) to pick up perishable dog food from Gresham, Oregon for delivery to various destinations in the Midwest.

4.3     In order to complete this delivery, Defendant Roadmax subcontracted with Defendant Amas to transport this cargo by semi-truck. The semi-truck driver assigned to transport the dog food was Defendant Abdisalan Sharif.

4.4     On or around 4:00 PM on December 30, 2023, Defendant Sharif picked up the dog food from Gresham, Oregon.

4.5     In order to prevent the dog food from spoiling, the dog food being transported was required to be kept at temperatures ranging anywhere between 0 and -10 degrees Fahrenheit.

4.6     Rather than keeping the dog food frozen, Defendant Sharif set the cargo refrigerator in the semi-truck trailer at 30 degrees Fahrenheit.

4.7     The semi-truck temperature log confirms the coldest temperature in the trailer before Defendant Sharif departed from Gresham, Oregon was 24.1 degrees Fahrenheit.

4.8     Throughout the duration of the transport, the semi-truck trailer remained at or slightly below 30 degrees Fahrenheit.

4.9     There were no issues with the refrigeration unit in the semi-truck trailer before, during, and after the dog food was picked up and delivered.

4.10   As a result of the dog food being kept at a higher temperature throughout the seven-day drive, the perishable dog food spoiled and was rejected upon delivery (the "Subject Loss"). Defendant Roadmax and/or Gregory Grigoryan suffered a loss of approximately $57,000 in spoiled dog food and $8,000 lost under the delivery contract.

4.11   On February 21, 2024, Roadmax sent an Insurance Fair Conduct Act ("IFCA") 20-day Notice to UFCC.

4.12   On March 11, 2024, UFCC responded to Roadmax's IFCA notice.

### V.   THE UFCC POLICY

**A.   Identification of the UFCC Policy**

5.1   UFCC issued a Commercial Auto Insurance Policy to Amas Trucking LLC, Policy No. 03886005-1 with a policy period of July 22, 2022 to July 22, 2023 (hereinafter the "UFCC Policy").

5.2   The UFCC Policy provides a $150,000 Motor Truck Cargo limit of liability with a $1,000 deductible. The Refrigeration Breakdown coverage part is included in the Motor Truck Cargo limit and has a $2,500 deductible.

5.3   Per the Additional Insured endorsement attached to the UFCC Policy, Defendant Roadmax is an insured with respect to such liability coverage as is afforded by the policy.

5.4   Defendant Abdisalan Sharif is listed as a rated driver on the UFCC Policy.

**B.   Provisions of the UFCC Policy**

5.5   The Auto Liability coverage part of the UFCC Policy contains the following Insuring Agreement:

> **INSURING AGREEMENT – LIABILITY TO OTHERS**
>
> Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay

damages, other than punitive or exemplary damages, for **bodily injury, property damage,** and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto.** However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury or property damage** to which this insurance applies.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

Form 6912 (02/19)

    5.6    The UFCC Policy contains the following relevant definitions:

**1. "Accident"** means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury or property damage.**

[…]

[…]

9. "**Loss**" means sudden, direct and accidental loss or damage.

[…]

15. **"Property damage"** means physical damage to, destruction of, or loss of use of, tangible property.

[…]

20. **'We", "us"** and **"our"** mean the company providing this insurance as shown on the **declarations page.**

21. **"You", "your"** and **"yours"** refer to the named insured shown on the **declarations page.**

Form 6912 (02/19)

    5.7    The Auto Liability coverage part includes the following applicable exclusion:

Coverage under this Part I, including our duty to defend, does not

apply to:

. . .

7. Care, Custody or Control Property damage to, towing or removal expense for, or covered pollution cost or expense involving, any property owned by, rented to, being transported by, used by, or in the care, custody or control of any insured, including any motor vehicle operated or being towed. But this exclusion does not apply to liability assumed under a sidetrack agreement.

Policy Form 6912 (02/19).

5.8 The UFCC Policy includes the following Motor Truck Cargo Legal Liability Coverage Endorsement. This endorsement provides as follows:

**INSURING AGREEMENT – LOSS TO COVERED PROPERTY**

Subject to the Limit of Liability, if **you** pay the premium for this Motor Truck Cargo Legal Liability Coverage, **we** will pay for the direct physical **loss** to **covered property** that **you** are legally liable to pay as a **trucker** under a written: bill of lading, tariff document, rate confirmation sheet, shipping receipt, or contract or carriage. For this coverage to apply, the **covered property** must, at the time of **loss**, be in **your** exclusive physical custody and control:

1. while **in due course of transit** in, on, or attached to an **insured auto;** or

2. during **loading** or **unloading.**

Coverage applies for **loss** to **covered property** only if the **loss** is caused by a **covered peril**. For **covered property** that is **your** property, o**ur** payment is not contingent upon **your** liability.

Subject to the Limit of Liability, if **you** pay the premium for the Refrigeration Breakdown Coverage endorsement, **we** will pay for **your** legal liability for direct physical **loss** to **covered property,** caused by spoilage or change in temperature, resulting directly form the sudden and accidental breakdown of refrigeration or heating units on an **insured auto.**

Form Z434 WA (02/19), as modified by Form Z440 WA (06/10)

5.9 The Motor Truck Cargo Legal Liability Coverage Endorsement includes the

following relevant definitions:

    2.    **"Covered Peril"** means any external risks of direct physical **loss** to **covered property** or **business equipment,** except for those listed in a, through m, below as Excluded Perils.

    <u>**Excluded Perils:**</u> Please read the following list of excluded perils carefully. **We** will not pay for **loss** or damage caused by any of the excluded perils described below:

…

The Refrigeration Breakdown Coverage Endorsement modifies the definition of excluded peril g. to the following:

    g.    **Breakdown, Temperature, Humidity**

    (i)    Humidity, dampness, dryness, or changes in or extremes of temperature, other than such loss caused by the sudden and accidental breakdown of refrigeration or heating units on the **insured auto**; or

    (ii)    Mechanical or electrical breakdown or failure, other than the sudden and accidental breakdown of refrigeration or heating units on the **insured auto.** However, this Excluded Peril does not apply to **loss** caused by a fire or explosion if such fire or explosion would be covered under this endorsement.

Form Z434 WA (02/19), as modified by Form Z440 WA (06/10).

    5.10    UFCC reserves the right to assert any other policy language or coverage forms of the UFCC Policy that may be potentially applicable to this action.

    **VI.**    **THERE ARE ACTUAL AND JUSTICIABLE CONTROVERSIES**

    6.1    UFCC reasserts paragraphs 1.1 through 5.10 and incorporates the same as though fully set forth herein.

    6.2    The Auto Liability coverage part of the UFCC Policy provides coverage for damages that an insured becomes legally responsible to pay because of "bodily injury" or

1  "property damage" because of an "accident" arising out of the ownership, maintenance or use of an insured auto.

2  6.3    There is an actual and justiciable controversy as to whether the claims arising from the Subject Loss involve "property damage" as that term is defined by the Auto Liability coverage part of the UFCC Policy.

6.4    There is an actual and justiciable controversy as to whether the claims arising from the Subject Loss are because of an "accident" as that term is defined by the Auto Liability coverage part of the UFCC Policy.

6.5    There is an actual and justiciable controversy as to whether the claims arising from the Subject Loss arise out of the ownership, maintenance, or use of an "insured auto" as that term is defined by the Auto Liability coverage part of the UFCC Policy.

6.6    The Auto Liability coverage part of the UFCC Policy provides that coverage is excluded for damage to any property in the care, custody or control of any insured.

6.7    There is an actual and justiciable controversy as to whether the claims arising from the Subject Loss involve damage to property in the care, custody, and control of Defendant Roadmax, Gregory Grigoryan, Amas, and/or Abdisalan Sharif.

6.8    The Motor Truck Cargo Legal Liability Coverage Endorsement of the UFCC Policy, as modified by the Refrigeration Breakdown Coverage Endorsement, provides coverage for direct physical loss to "covered property" if the loss is caused by a "covered peril." For the coverage to apply, the "covered property" must be in the insured's physical custody and control while in the course of transit, or during loading and unloading.

6.9    There is an actual and justiciable controversy as to whether the claims arising from the Subject Loss involve direct physical loss to "covered property" caused be a "covered peril" as

those terms are defined by the Motor Truck Cargo Legal Liability Coverage Endorsement of the UFCC Policy.

6.10    The Motor Truck Cargo Legal Liability Coverage Endorsement, as modified by the Refrigeration Breakdown Coverage Endorsement, provides coverage for direct physical loss to covered property caused by spoilage or change in temperature resulting directly from the sudden and accidental breakdown of a refrigeration unit on an insured auto.

6.11    There is an actual and justiciable controversy as to whether the claims arising from the Subject Loss involved a loss caused by spoilage or change in temperature to the refrigeration unit on an insured auto.

6.12    There is an actual and justiciable controversy as to whether the claims arising from the Subject Loss involve a loss caused by spoilage or change in temperature resulting from the sudden and accidental breakdown of a refrigeration unit on an insured auto.

6.13    The Motor Truck Cargo Legal Liability Coverage Endorsement does not provide coverage for loss or damage caused by Breakdown, Temperature or Humidity. Specifically, the UFCC policy excludes coverage for damage caused by "Humidity, dampness, dryness, or changes in or extremes of temperature, other than such loss caused by the sudden and accidental breakdown of refrigeration or heating units on the insured auto;" or "Mechanical or electrical breakdown or failure, other than the sudden and accidental breakdown of refrigeration or heating units on the insured auto. However, this Excluded Peril does not apply to loss caused by a fire or explosion if such fire or explosion would be covered under this endorsement."

6.14    There is an actual and justiciable controversy as to whether the claims arising from the Subject Loss involve damage caused by "Humidity, dampness, dryness, or changes in or extremes of temperature, other than such loss caused by the sudden and accidental breakdown of

1  refrigeration or heating units on the insured auto."

2  6.15    There is an actual and justiciable controversy as to whether the claims arising from the Subject Loss involve damage caused by "Mechanical or electrical breakdown or failure, other than the sudden and accidental breakdown of refrigeration or heating units on the insured auto. However, this Excluded Peril does not apply to loss caused by a fire or explosion if such fire or explosion would be covered under this endorsement."

6.16    UFCC reserves the right to assert any other exclusions or grounds for which coverage for the claims arising from the Subject Loss may be excluded under the UFCC Policy.

### VII.    CAUSE OF ACTION FOR DECLARATORY RELIEF

7.1    UFCC reasserts paragraphs 1.1 through 6.16 and incorporate the same as though fully set forth herein.

7.2    Actual and justiciable controversies exist as to whether any defense coverage is owed to Defendant Roadmax, Gregory Grigoryan, Amas, and/or Abdisalan Sharif under the UFCC Policy regarding the claims arising from the Subject Loss.

7.3    Pursuant to and in accordance with 28 U.S.C. § 2201, CFSIC requests that the Court grant declaratory relief in its favor and enter a judicial determination that UFCC does not have an obligation to provide a defense to Defendant Roadmax, Gregory Grigoryan, Amas, and/or Abdisalan Sharif under the UFCC Policy regarding any claims arising from the Subject Loss.

7.4    Actual and justiciable controversies exist as to whether any indemnity coverage is available to Defendant Roadmax, Gregory Grigoryan, Amas, and/or Abdisalan Sharif under the UFCC Policy regarding the claims arising from the Subject Loss.

7.5.    Pursuant to and in accordance with 28 U.S.C. § 2201, UFCC requests that the Court grant declaratory relief in its favor and enter a judicial determination that UFCC does not have an

obligation to any indemnity coverage to Defendant Roadmax, Gregory Grigoryan, Amas, and/or Abdisalan Sharif under the UFCC Policy regarding any claims arising from the Subject Loss.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, United Financial Casualty Company, having alleged the foregoing, does now hereby pray for relief as follows:

1. For a determination of the rights and obligations of the parties hereto under the UFCC Policy.

2. For a judicial declaration that UFCC does not owe any defense obligation to Defendant Roadmax, Gregory Grigoryan, Amas, and Abdisalan Sharif for any claims arising from the Subject Loss.

3. For a declaration that UFCC owes no indemnity obligation to Defendant Roadmax, Gregory Grigoryan, Amas, and/or Abdisalan Sharif for any claims arising from the Subject Loss.

4. For a declaration that Defendant Roadmax, Gregory Grigoryan, Amas, and Abdisalan Sharif are bound by any judicial declarations in this matter involving the UFCC Policy.

5. For all interest allowed by applicable law.

6. For attorney fees and costs allowed by statute and law.

7. For other and further relief as the Court deems just and equitable.

DATED this 11th day of April 2024.

LETHER LAW GROUP

*s/ Eric J. Neal*
Eric J. Neal, WSBA #31863
*s/ N. Chance Laboda*
N. Chance Laboda, WSBA #54273
1848 Westlake Ave N., Suite 100
Seattle, WA 98109
P: 206-467-5444/F: 206-467-5544

| | |
|---|---|
| 1 | |
| 2 | eneal@letherlaw.com<br>claboda@letherlaw.com<br>*Counsel for Plaintiff, United Financial Casualty Company* |

COMPLAINT FOR DECLARATORY RELIEF – 12

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544